IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KELVIN KING**<br><br>       **Plaintiff,**<br><br>v.<br><br>**TRANS UNION, LLC**<br><br>       **Defendant** | )<br>)<br>)  **CIVIL ACTION NO.**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

## PRELIMINARY STATEMENT

1. This is an action for damages brought by individual consumer, Kelvin King against Defendant Trans Union LLC for violations of the Fair Credit Reporting Act ("hereafter the FCRA") 15 U.S.C. §§ 1681 *et seq.*

## JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiff Kelvin King is an adult individual residing in the State of Virigina.

1

5. Trans Union, LLC (hereafter "Trans Union") is a consumer reporting agency that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

## FACTUAL ALLEGATIONS

6. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information") from at least August 2022 through present.

7. The inaccurate information on Plaintiff's credit reports includes, but is not limited to, accounts with USAA Federal Savings Bank and personal information that do not belong to Plaintiff but instead belong to a person with similar name as Plaintiff.

8. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff. Due to Defendants' faulty procedures, Defendants mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

9. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown from at least August 2022 through the present.

10. Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for

these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

11. Plaintiff has disputed the inaccurate information with Defendant by following the procedures for disputing the consumer credit information. Plaintiff's disputes have included the reasoning that it was the wrong person.

12. Plaintiff has disputed the inaccurate information with Defendant from August 2022 through the present.

13. Notwithstanding Plaintiff's efforts, Defendant has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendant continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Defendant has repeatedly published and disseminated consumer reports to such third parties from at least August 2022 through the present.

14. Despite Plaintiff's efforts, Defendant has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any court records, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

15. Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to report on the results of its reinvestigations to all credit reporting agencies,

has failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

16. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, credit defamation and emotional distress, including anxiety, frustration, embarrassment, and humiliation.

17. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

18. At all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – VIOLATIONS OF THE FCRA
## (TRANS UNION )

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. At all times pertinent hereto, Trans Union were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

21. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

22. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d),

23. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681i.

24. The conduct of Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union are liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

25. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants Trans Union based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just, and proper.

Respectfully Submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY:  /s/ Mark D. Mailman
MARK D. MAILMAN, ESQUIRE
GEOFFREY H. BASKERVILLE, ESQUIRE
1600 Market Street
Suite 2510
Philadelphia, PA 19103
(215) 735-8600

***Attorneys for Plaintiff***

Dated: January 30, 2024